**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSEPH MARTIN, JR. | ) | |
| | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No.4:11-CV-00705-JCH |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on Movant Joseph Martin's Motion to Vacate, Set Aside or Correct Sentence ("Motion to Correct"), which he filed pursuant to 28 U.S.C. § 2255. The matter has been fully briefed and is ready for disposition.

On May 30, 2008, Martin pleaded guilty to two violations of 21 U.S.C. § 841(a)(1), which makes it "unlawful for any person knowingly or intentionally—(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" 21 U.S.C. §841(a)(1); *United States v. Martin*, 583 F.3d 1068, 1070 (8th Cir. 2009). Martin received a 160-month sentence. *Martin*, 583 U.S. at 1070. This has since been reduced to a 120-month sentence pursuant to 18 U.S.C. § 3582(c)(2). The original 160-month sentence was based primarily on the sentencing court's findings (1) that Martin had distributed 90.67 grams of cocaine base rather than cocaine powder; (2) that during several post-plea telephone calls from prison Martin denied culpability for his crimes and was therefore not entitled to a sentence reduction for acceptance of responsibility; and (3) that during several post-plea telephone calls from prison Martin made threats amounting to obstruction of justice and was

therefore deserving of increased sentencing range. (Sentencing Hearing Transcript, ("Snt. Hrng. Tr.")). The sentence was affirmed by the Eighth Circuit, which also denied a rehearing and a rehearing *en banc*, and the United States Supreme Court denied certiorari. *Martin*, 583 F.3d at 1075; *Martin v. United States*, 130 S. Ct. 2355 (2010). On April 18, 2011, Martin filed this Motion to Correct under § 2255 to request a further reduction of his sentence.[1] (ECF No. 1). Martin has also filed several supplements to his motion. (ECF Nos. 21, 23, 24, 29, 36). The Government has responded to each filing, and Martin has replied to each response in turn.

Martin's motion and corresponding supplements raise several grounds for relief. Martin claims he is entitled to a reduced sentence because (1) he did not obstruct justice; (2) he was eligible for an acceptance of responsibility sentencing reduction; (3) his criminal history was impermissibly enhanced; (4) he sold cocaine powder rather than cocaine base; and (5) the sentencing distinction between cocaine powder and cocaine base is unconstitutional.  Martin also makes eight ineffective assistance of counsel claims at various points in the briefing of his motion: (1) that his defense counsel was ineffective during the plea negotiations; (2) that his defense counsel failed to object to the format of the sentencing hearing; (3) that his defense counsel failed to adequately cross-examine the government's witnesses at the sentencing hearing; (4) that his defense counsel failed to review all of the jailhouse tapes relied upon by the Government at the sentencing hearing; (5) that his defense counsel failed to object to admission of the tape excerpts at the sentencing hearing; (6) that his defense counsel failed to raise the issue

---

[1] Martin also requested an order that "the government produce threat assessment cases that were supposedly opened in order to justify the obstruction of justice enhancement." (Memorandum in Support of Movant's § 2255 Motion, ("Memo in Support of Mtn."), at 16). This is not proper relief under § 2255.

of sentencing entrapment; (7) that his defense counsel failed to argue that Martin's plea agreement had been violated; and (8) that his appellate counsel was ineffective.[2]

## DISCUSSION

Under § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255.  The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)).  The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (citation omitted).

Martin's first five claims are not cognizable on collateral review. First, they were validly waived in Martin's plea agreement (the "Plea Agreement"). *DeRoo v. United States*, 223 F.3d 919 (8th Cir. 2000).[3] Also, Martin's claim that he is entitled to relief because he sold cocaine powder and not cocaine base was raised and rejected on direct appeal. *English v. United States*,

[2] Several of Martin's claims were raised in his First Supplement/Amendment ("First Supplement"). (ECF Nos. 21, 23, 24). Martin requested leave to file his First Supplement on April 27, 2012. (ECF No. 18). The Court denied that motion, but Martin filed the First Supplement in spite of the Court's denial. The Court has reviewed the claims raised in the First Supplement and decided to dispose of them on the merits.
[3] Martin has claimed that he received ineffective assistance of counsel during his plea negotiations, which would undermine the validity of Martin's waiver if his claim has merit. For reasons discussed below, however, the court determines that Martin did not receive ineffective assistance of counsel during plea negotiations, and the waiver of his collateral review rights was therefore valid.

998 F.2d 609, 613 (8th Cir. 1993). Finally, the other four of Martin's first five claims have been procedurally defaulted because they were not raised on direct appeal, and Martin cannot show "cause" for or "prejudice" resulting from that failure. *Jennings v. United States*, 696 F.3d 759, 762-63 (8th Cir. 2012).

Martin's ineffective assistance of counsel claims, however, are cognizable, and each warrants a brief discussion. (Plea Agreement at 4); *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorneys'[4] performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [or other stage at which the defendant had a right to effective counsel] cannot be relied on as having produced a just result." *Id.* at 686. This is not an easy showing to make because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.  To overcome this presumption, a claimant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

*1. Plea Negotiations*

Martin claims that he received ineffective assistance of counsel at the plea negotiation stage. (Memorandum Concerning Ineffectiveness of Counsel During Plea Negotiations, ("Plea Neg. Memo")). In support of his claim, Martin does nothing but provide lengthy quotations from

---

[4] Martin was represented jointly by two attorneys at the plea and sentencing stages, and then by a separate third attorney on direct appeal.

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012). (Plea

Neg. Memo at 3-9). It is true that both *Lafler* and *Frye* stand for the proposition that criminal

defendants are entitled to effective counsel during plea negotiations, but both were decided after

Martin had been sentenced and do not apply retroactively. *Williams v. United States*, 705 F.3d

293 (8th Cir. 2013).

To the extent Martin's claim reaches beyond the application of *Lafler* and *Frye*, Martin

has not provided any factual allegations related to the deficiency of his attorneys during plea

negotiations. The Court finds that Martin's summaries of inapplicable law, unsupported by a

single fact, cannot support a claim for ineffective assistance of counsel during plea negotiations

and do not warrant an evidentiary hearing.

### 2. Failure to Object to Sentencing-Hearing Format

Martin next claims that he received ineffective assistance of counsel because his

attorneys failed to object to the sentencing-hearing procedure. (First Supplement at 3; Final

Supplement). In the Plea Agreement, the parties made clear that they disagreed about whether

Martin was guilty of selling cocaine powder or cocaine base. (Plea Agreement at 10-11). The

parties then agreed that the determination should be made by the judge at the sentencing hearing.

*Id*. At the plea hearing, Martin stated that he had gone through the Plea Agreement in detail with

his defense counsel and that there was nothing in the Plea Agreement with which he disagreed.

(Plea Hearing Transcript, ("Plea Hrng. Tr."), at 5).

Martin now claims that his defense attorneys were ineffective for failing to argue that

under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), his Sixth Amendment rights were violated

because the determination of whether Martin sold cocaine powder or cocaine base should have

been made by a jury. (First Supplement at 4). Under *Apprendi*, any fact that increases the

statutory maximum penalty must be presented to a jury. *Id* at 490. This was the case for Martin. A finding that he had sold cocaine base carried a statutory maximum of life imprisonment, while a finding that he had sold cocaine powder carried a statutory maximum of twenty years. (Plea Hrng. Tr. at 6). [5] "But nothing prevents a defendant from waiving his *Apprendi* rights. When a defendant pleads guilty, the [prosecution] is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts *or consents to judicial factfinding.*" *Blakely v. Washington*. 542 U.S. 296, 310 (2004) (emphasis added).

Martin made exactly the sort of waiver contemplated in *Blakely*. The Plea Agreement sets out the disagreement between the defense and prosecution in relation to the classification of the drugs sold by Martin and states explicitly that the parties intended to put on evidence related to that issue at the sentencing hearing. Martin made clear under oath that he examined the Plea Agreement in detail with his defense counsel and did not object to any part of it. Martin has not presented a single fact that calls into question the validity of his statements at the plea hearing. Thus, even if the court accepts as true that Martin's defense counsel failed to object to the sentencing-hearing format, Martin's claim does not present a ground for relief. Martin's defense counsel did not undermine confidence in the reliability of the adversary process by failing to object to proceedings to which his well-informed client consented. [6]

---

[5] The Court notes that although Martin was sentenced within the statutory maximum for cocaine powder, the determination of whether his defense counsel acted reasonably must be made based on contemporaneous actions. The Court therefore views the facts as they were prior to the sentencing hearing.

[6] In Martin's final supplement, he argues for the retroactive application of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). The *Alleyne* Court overruled *Harris v. United States*, 536 U.S. 545 (2002), and held that facts that could increase a minimum sentence must be presented to a jury. There has been no determination as to whether *Alleyne* applies retroactively. Regardless, though, the argument is nothing more than an extension of Martin's *Apprendi* argument and is subject to the same infirmity—Martin validly waived his right to have the powder/base distinction determined by a jury.

*3. Failure to Cross-Examine*

Martin's next claim is that he received ineffective assistance of counsel in that his defense counsel failed  adequately to cross-examine the government's witnesses at the sentencing hearing. (Memorandum in Support of Movant's § 2255 Motion, ("Memo in Support of Mtn."), at 18-21). More specifically, Martin claims that his counsel's failure to "employ any trial tactic or strategy" on cross-examination "affected materially the outcome of the sentencing court's decision to find Movant did not accept responsibility and had engaged in obstruction of justice." (Memo in Support of Mtn. at 19). Martin then lists six specific alleged errors committed by his defense counsel to support the proposition that his defense counsel did not employ any strategy on cross-examination. (Memo in Support of Mtn. at 19-20).

In reviewing an attorney's performance in the context of an ineffective assistance claim, courts should "generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *United States v. Villalpando*, 259 F.3d 934, 939 (8th Cir. 2001). At the sentencing hearing, Martin's defense counsel[7] demonstrated a thorough knowledge of the case and well-considered theories for explaining Martin's behavior. (*See* Snt. Hrng. Tr.). His cross-examination was pointed and clearly tied to the theories he had developed. (*See* Sent. Hrng. Tr. at 32-50, 77-82). The court refuses to rely on the benefit of hindsight to nitpick the performance of Martin's defense counsel on cross-examination. A detailed review of the sentencing hearing transcript, together with the underlying facts and law of Martin's criminal case, demonstrates that Martin's defense counsel acted well within the wide range of reasonable professional competence acceptable under *Strickland*.

---

[7] Only one of Martin's two defense attorneys conducted cross-examination at the sentencing hearing.

*4. Failure to Review All Tapes*

Martin also claims that his attorneys were ineffective because they failed to review all of the recorded jailhouse telephone conversations in which Martin participated, which caused them to be insufficiently prepared for the sentencing hearing. (Memo in Support of Mtn. at 16-17). The crux of Martin's argument appears to be that the phone calls on which the government based its arguments that Martin obstructed justice and failed to accept responsibility were a non-representative sample of all of the phone calls Martin made between his plea and sentencing hearings—that put in their proper context the calls would have been understood differently. *Id.* at 16-21.

It is well established that counsel need not investigate every possible avenue to provide effective assistance. *Strickland*, 466 U.S. 668, 690-91. Counsel can provide effective assistance by making reasonable strategic decisions based on a limited investigation as long as "reasonable professional judgments support the limitations on investigation." *Id.* at 691.

Here, the government had several recorded phone calls in which Martin denied responsibility for his crimes, threatened various types of harm to potential witness, and explained that he could manipulate the jail visitation system. (Sentencing Memorandum, ("Snt. Memo"), at 13-32). Given the content and nature of those specific calls, it would have been entirely reasonable for Martin's defense counsel to limit their investigation only to those calls, if that is indeed what happened.

Nor is there a reasonable probability that defense counsels' review of all of the tapes would have changed the outcome. Indeed, much of defense counsel's cross-examination at the sentencing hearing tended toward the very argument that Martin claims a complete review of the tapes would have demonstrated—that many of the phone calls relied upon by the sentencing

court were taken out of context or misunderstood. (Sent. Hrng Tr. at 78-82). The sentencing court therefore made its decision in spite of, and not in the complete absence of, the argument at the crux of this ineffective assistance claim. Thus, even if accepted as true, Martin's allegation that his defense counsel did not review all of the phone conversations does not satisfy either prong of *Strickland*.

### 5. Failure to Object to Admission of Tape Excerpts

Martin's next claim is that his defense counsel was ineffective for failing to object to the admission of the jailhouse tape excerpts at the sentencing hearing. (Memo in Support of Mtn. at 22). Since it does not appear from the sentencing hearing transcript that the tapes were admitted into evidence, the Court, construing Martin's *pro se* motion liberally, understands Martin's claim to be based on a failure by his defense counsel to object to the testimony of the witness who summarized the content of the jailhouse calls and at a few points quoted those calls. (Snt. Hrng. Tr. at 62-84). Either way, Martin has provided no sound objection on which his defense counsel could have relied, and Martin's defense counsel cannot be found ineffective for failing to make a groundless evidentiary objection.

### 6. Failure to Raise Issue of Sentencing Entrapment

Martin's sixth claim is that his defense counsel was ineffective for failing to raise the issue of sentencing entrapment. (First Supplement at 2). This allegation is flatly contradicted by the record. Martin's defense counsel argued at the sentencing hearing that "there is not such a thing necessarily as sentencing entrapment, but if there were, this is it." (Snt. Hrng. Tr. at 58). While Martin's defense counsel partially misstated the law in that there actually is such a thing as sentencing entrapment, *Martin*, 583 U.S. at 1073-74, he went on to argue that Martin was indeed a victim of sentencing entrapment.

Moreover, Martin would not be able to establish prejudice even if his defense counsel had failed to argue that Martin was the victim of sentencing entrapment. Martin raised the sentencing entrapment argument on direct appeal, and the Eighth Circuit rejected it. *Martin*, 583 U.S. at 1074 ("There is no evidence that Martin was indisposed to this course of events."). Martin can therefore demonstrate neither prong of *Strickland* with the claim that his defense counsel failed to argue sentencing entrapment.

### 7. Failure to Argue Violation of Plea Agreement

Martin's seventh claim is that his counsel was ineffective for failing to argue that the Government breached the Plea Agreement. (First Supplement at 2). The Eighth Circuit analyzed whether there had been a breach of the Plea Agreement under a plain error standard on direct appeal:

> The agreement stated that the government could refrain from recommending an acceptance of responsibility reduction if new information came to light after the plea and before sentencing. [Plea Agreement at 7]. The agreement also released the government from its responsibilities if Martin engaged in post-plea criminal conduct. [Plea Agreement at 12]. Martin's statements from jail and violations of jail rules triggered both of these provisions, which allowed the government to refrain from recommending an acceptance of responsibility reduction. Further, the plea agreement also stated that guidelines issues not mentioned in the agreement but raised by the PSR could be presented to the court for consideration. [Plea Agreement at 8]. The PSR recommended an obstruction of justice enhancement, Martin opposed the enhancement, and the government responded. The government did not initiate the obstruction of justice enhancement, arguing in favor only after it was already before the court. Thus, there was no breach of the agreement.

*Martin*, 583 F.3d at 1074-75.

While the Eight Circuit's analysis was conducted in the context of a different legal standard than the Court uses here, its analysis is sufficient to conclude under either standard that there was no breach of the Plea Agreement. Therefore, Martin's defense counsel was not

ineffective for failing to argue that there was a breach, and Martin cannot demonstrate prejudice based on his attorney's failure to so argue.

      *8. Appellate Counsel*

      Martin's final claim is that he received ineffective assistance of appellate counsel because his appellate counsel failed to request a rehearing under Federal Rule of Civil Procedure 59(e). (Memo in Support of Mtn. at 15). Again construing Martin's *pro se* motion liberally, the Court understands Martin's argument to be based on his appellate counsel's failure to make a post-conviction motion under Federal Rule of Criminal Procedure 33, 34, or 35. But Martin has provided no legal basis for such a motion, nor has he made an argument explaining why his appellate counsel acted unreasonably by arguing Martin's case only on appeal. Martin's claim of ineffective assistance of appellate counsel is therefore without merit.

## CONCLUSION

      Accordingly,

      **IT IS HEREBY ORDERED THAT** Movant Joseph Martin's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED WITH PREJUDICE**. A separate Order of Dismissal will accompany this Memorandum and Order.

      **IT IS FURTHER ORDERED** that Movant Joseph Martin's request for a review of the Government's "threat assessment cases" is **DENIED**.

      **IT IS FINALLY ORDERED** that, because Movant Joseph Martin cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

Dated this 10th Day of January, 2014

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE